﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190521-16340
DATE: February 28, 2020

ORDER

Entitlement to special monthly compensation based on aid and attendance is dismissed.

Entitlement to special monthly compensation based on housebound status is dismissed.

FINDINGS OF FACT

1. In a February 2019 rating decision, the Agency of Original Jurisdiction (AOJ) denied entitlement to special monthly compensation (SMC) based on aid and attendance and housebound status.

2. The Veteran improperly filed a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), with the February 2019 rating decision.

CONCLUSIONS OF LAW

1. The Veteran’s claims of entitlement to SMC based on aid and attendance or housebound status are dismissed. 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 20.201, 20.302(a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from September 1965 to September 1968.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2019 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). 

DISMISSED APPEAL 

Although the Board acknowledges that the Board sent a letter to the Veteran in August 2019 acknowledging receipt of a Board Appeal request (VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement)), a review of the Veteran’s file illustrates the Veteran’s appeal for entitlement to SMC based on aid and attendance or housebound status must be dismissed because the Board does not have jurisdiction over the issues.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105, also known as the Appeals Modernization Act (AMA). The AMA became effective on February 19, 2019.

In this matter, the AOJ issued a rating decision on February 12, 2019 denying the claims of entitlement to SMC based on aid and attendance or housebound status. The RO notified the Veteran of the February 2019 rating decision in a letter dated February 14, 2019. Along with the February 2019 notification letter, the RO enclosed a VA Form 21-0958, Notice of Disagreement, and informed the Veteran that he must complete and return the form by February 14, 2020 if he disagreed with the decision.

The Veteran filed a VA Form 10182 in May 2019 requesting review by the Board with a hearing before a Veterans Law Judge of the February 2019 rating decision. A hearing was held in November 2019. The Board notes that the Veteran referenced March 14, 2019 as the decision date, but February 14, 2019 is the actual notification of the decision. An AMA appeal comes before the Board in one of three ways: 1) an appeal of a RAMP rating decision; 2) an appeal of a rating decision with a notification letter dated on or after February 19, 2019; or 3) an opt-in to the AMA system from a statement of the case or supplemental statement of the case issued on or after February 19, 2019. 38 C.F.R. § 19.2(d) (eff. Feb. 19, 2019); 38 C.F.R. § 3.2400.

After a review of the claims file, the Board notes that the Veteran had not opted into RAMP, nor was the February 2019 rating decision a RAMP decision. Additionally, the rating decision was issued prior to February 19, 2019. A SOC was not issued on or after February 19, 2019. Therefore, the VA Form 10182 did not properly appeal the February 2019 rating decision. As a result, an appeal of these issues is not properly before the Board in the AMA system, and the Board does not have jurisdiction and the appeal of these issues is dismissed.

Although this dismissal only applies to the AMA appeal of these issues, the Board also notes that in a February 2019 letter the AOJ informed the Veteran that if he wished to appeal the February 2019 rating decision he must submit the VA Form 21-0958, Notice of Disagreement, that was provided to him with the February 2019 rating decision, specifying the issues or parts of the decision with which he disagreed. The record does not reflect that he filed a timely VA Form 21-0958, as such the record does not reflect that there is a pending appeal in the legacy appeals system for these issues.

(Continue to the next page)

 

Accordingly, as the VA Form 10182 was improperly filed, the Board does not have jurisdiction over the issues and the claims must be dismissed. See 38 U.S.C. §§ 7104, 7105; 38 C.F.R. §§ 20.201, 20.302(a).

 

 

M. Donohue

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. V. Palatt, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.